IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| AISHA CARTER, individually and | ) | |
| as mother and next friend of I.F., and | ) | |
| I.F., individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:17cv187-CSC |
| | ) | (WO) |
| ALABAMA CVS PHARMACY, | ) | |
| LLC #04826, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

On March 29, 2017, the United States filed a Notice of Substitution and Notice of Removal of this case from the Circuit Court of Dale County, Alabama. The plaintiffs filed this medical malpractice lawsuit in state court after plaintiff I.F. was incorrectly prescribed Hydralazine, a medication used to treat high blood pressure, instead of Hydroxyzine, an antihistamine. The plaintiffs sue Southeast Alabama Rural Health Associates, Newton Family Health Associates, Nasser Samuy, D.O., Billy Harmon, P.A., CVS Pharmacy, LLC, # 4826, Alabama CVS Health Corporation, and CVS Pharmacy, Inc. Pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c) and (g), the United States filed a notice to be substituted for defendants Samuy, Harmon, Southeast Alabama Rural Health Associates, and Newton Family Health Associates as the defendant for the plaintiffs' state law tort claims. The United States has certified that these defendants "by operation of the Federally Supported Health Centers Assistance Act of 1992 (FSHCAA), 42 U.S.C. § 233(g)-(n), . . . are deemed to be employees

of the United States Public Health Service (PHS)." (Doc. # 1). The plaintiffs do not oppose the notice of substitution and have alleged no facts demonstrating that these defendants should not be deemed federal employees for the purpose of this litigation. Consequently, the court concludes that, pursuant to 28 U.S.C. § 2679(d)(1), the United States is properly substituted for defendants Samuy, Harmon, Southeast Alabama Rural Health Associates, and Newton Family Health Associates as a party defendant with respect to the plaintiffs' state law tort claims.

The court has jurisdiction of the plaintiff's federal claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331 and the jurisdictional grant in 28 U.S.C. § 1346(b) for the federal tort claims. It has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

Defendants Alabama CVS Pharmacy, LLC,[1] CVS Health Corporation, and CVS Pharmacy, Inc. filed a motion to dismiss in state court asserting that the plaintiffs have "failed to comply with the pleading requirements of the Alabama Medical Liability Act, as amended ("AMLA") . . . and . . . failed to state a claim against any of the CVS defendants" because the plaintiffs have failed to specifically identify any wrongdoing by these defendants. *See* Doc. # 1, Ex. 3. The United States has also filed a motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1), asserting that this case is barred from review because this court lacks subject matter jurisdiction. (Doc. # 4). The United States contends that the court lacks subject matter jurisdiction over the plaintiffs' tort claims because they have failed to exhaust their

---

[1] This defendant asserts that it is improperly designated in the complaint as "Alabama CVS Pharmacy, L.L.C., # 04862."

administrative remedies. The plaintiffs have filed a response to the pending motions to dismiss asserting that the United States' motion to dismiss should be denied because they were unaware of the need to exhaust, and the CVS defendants' motion should be denied because they named the entities that were known to them at the time the complaint was filed. *See* Doc. # 8. Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

After careful consideration of the United States' motion to dismiss and the plaintiffs' response in opposition to the motion, the court conclude that the United States' motion is due to be granted, and this case is due to be dismissed without prejudice.

**DISCUSSION**

**A. United States' Motion to Dismiss**

The United States asserts that, pursuant to FED.R.CIV.P. 12(b)(1), this court lacks subject matter jurisdiction over the plaintiffs' claims. (Doc. # 5). The law is well-established that the United States, as sovereign, is absolutely immune from suit unless it consents to be sued. *United States v. Sherwood*, 312 U.S. 589, 586 (1941). Thus, the plaintiffs' claims against the United States are barred by the doctrine of sovereign immunity except as to those tort claims for which Congress waived sovereign immunity and granted consent for the United States to be sued. Because the United States has been substituted as a party defendant with respect to the plaintiffs' state law tort claims, the plaintiffs' exclusive remedy is pursuant to the Federal Tort

3

Claims Act ("FTCA"). *See* 28 U.S.C. § 2679.[2]

Once the health care providers were certified by as employees of the Public Health Service pursuant to 42 U.S.C. § 233(g), the plaintiffs' sole remedy for medical malpractice claims against them is a claim against the United States pursuant to the FTCA. However, a prerequisite to filing suit under the FTCA is that "[a]n action . . . not be instituted . . . unless the claimant [has] first presented the claim to the appropriate Federal agency and his claim [has] been finally decided by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). *See also Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1236-37 (11th Cir. 2002). This administrative prerequisite is jurisdictional and cannot be waived. *Id.* at 1237 quoting *Lykins v. Pointer, Inc.*, 725 F.2d 645, 646 (11th Cir. 1984).

On April 4, 2017, the court directed the plaintiffs to show cause why the United States' motion to dismiss should not be granted. In response, the plaintiffs do not dispute the government's contention that they have failed to exhaust their administrative remedies. They concede that they did not file an administrative claim with the appropriate authorities, primarily because they were unaware of the necessity to do so. Consequently, the plaintiffs have failed to establish that they have satisfied the jurisdictional prerequisite for this court to exercise jurisdiction over their tort claims. *See Lykins*, 725 F.2d at 647 (a plaintiff must provide proof

---

[2] Title 28 U.S.C. § 2679(b)(1) provides, in pertinent part, as follows:

The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

that he satisfied the jurisdictional requirements to institute suit against the government). Therefore, the court concludes that the plaintiffs have failed to exhaust their administrative remedies, and that the United States' motion to dismiss with respect to the plaintiffs' federal claims against the health care providers pursuant to the FTCA is due to be granted.

### B. State Law Claims against defendants the CVS defendants

Having determined that the court does not have jurisdiction over the plaintiffs' federal claims, the court declines to exercise supplemental jurisdiction over the plaintiffs' state law claims against the CVS defendants pursuant to 28 U.S.C. § 1367. These claims will be dismissed without prejudice.

### CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that the United States' motion to dismiss be and is hereby GRANTED, and that the plaintiffs' federal claims against the health care provider defendants be and are hereby DISMISSED without prejudice. It is further

ORDERED and ADJUDGED that the plaintiffs' state law claims be and are hereby DISMISSED without prejudice.

Done this 11th day of May, 2017.

                                                                     /s/Charles S. Coody
                                                            CHARLES S. COODY
                                                            UNITED STATES MAGISTRATE JUDGE